JFííjn.y, J.
We are informed that the proofs in this cause establish as a (act the finding of the stolon property in the house of the defendant where he and hi« wife alone resided, and the except.on to the charge of the Judge is that he regarded this as a possession by the defendant aril authorized the jury so to assume.
We do not think this is erroneous. The sense of tho term possession in this connection is not necessarily limited to custody about the person. It may he of things else-" where deposited but under the control of a party. If. may be in a store room or barn when the party has the k<\v. Iti short, it may be in any place where it is manifest it must have been put by the act of the party'or his undoubted concurrence. See State vs. Williams, 2 Jones, 194, and cases referred to in Waterman's notes to Arehbolds criminal practice and pleading, vol. 2, p. 3C9.
*240 We think the case before us falls within the scope of the decided cases, and that it is proper to hold one responsible as the possessor of property when it is found in his dwelling house under the circumstances stated in this case. It consists with reason, policy and the just rights of persons to hold as a legal presumption that the property must hare been put there by his act or by his concurrence.
This disposes of the only exception which appears upon the record, and there is nothing in other portions of the Judge’s charge of which the defendant can properly complain. It is clearly in accordance with well settled principles of evidence. Possession of stolen property, although not so recent as ‘to raise a legal presumption qf the talcing, is nevertheless evidence to he considered in connection with other evidence upon that point. It is'of very frequent occurrence on the circuits, that a part of the evidence in cases of.laneny consists d‘ proof that the stolen property was ft uad in the house of the accused, either be*lore or after his apprehension, and question lias rarely been made in our courts, so far as I am av are, of its competency. .JU any rate, it is now settled to he admissible, he the time longer or shorter, and however insufficient it maybe “perse”' after q. consideiable- lapse of time. Such a possession, of course, is more or less cogent, according to the lapse of time. The nature of the house and the condition of the household, the manner of keeping the lost propeity, proximity to the place of taking, the probability or improbability of repre-r,i nfatiims to account for the possession, the character of the ddeeasod and the like. Such matters of proof might give significance to a possession-which would he of itself of slight import; and ¡'ill such evidence is, therefore, competent ; and may be sufficient to satis y a jury of the felonious taking by the person who is fixed with the possession. There was evidence of this character in the cause. It ap *241 pears to have been fairly laid -before the jury, avoiding t» the view here taken, and the jury have come to a conclusion with, which we have no right to interfere, if we Imcl the inclination.
Let this opinion be certified to the Superior Court of New Hanover, to the end that the Court may proceed to judgment according to law.